An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-684

Filed 1 July 2026

Gaston County, No. 03CR067549-350

STATE OF NORTH CAROLINA

v.

DEMORRIS LEONTE DUFF

Appeal by Defendant from Order entered 17 December 2024 by Judge David A. Phillips in Gaston County Superior Court. Heard in the Court of Appeals 11 March 2026.

*Attorney General Jeff Jackson, by Special Deputy Attorney General Joseph Finarelli, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Demorris Leonte Duff (Defendant) appeals from an Order requiring him to enroll in satellite-based monitoring (SBM) for his natural life. The Record before us tends to reflect the following:

On 15 December 2003, Defendant was indicted on one count of Second-Degree Rape. On 3 February 2004, Defendant pleaded guilty to Second-Degree Rape, Crime Against Nature, and two counts of First-Degree Burglary. The trial court entered a judgment in accordance with the plea and sentenced Defendant to 116 to 149 months of imprisonment.

On 8 December 2014, Defendant was released from his incarceration on post-release supervision. The State instituted SBM proceedings against Defendant on 5 February 2015, pursuant to N.C. Gen. Stat. § 14-208.40B. Defense counsel was appointed to represent Defendant in the matter on 25 February 2015.

The proceedings were continued four times between April and September 2015. On 2 September 2015, the trial court entered an order placing the matter in abeyance until pending litigation regarding SBM was resolved in the Supreme Court of North Carolina.

On 18 April 2017, the State filed a Memorandum of Law in Support of Reasonableness of SBM. On 25 May 2017, Defendant, through counsel, filed a Motion for Compliance with Court Order and Notice of Objection. Defendant argued, among other things, the litigation surrounding the lawfulness of SBM proceedings was still pending and, as such, the matter should continue to be held in abeyance.[1]

---

[1] Defendant filed an amended Motion and Objection on 26 May 2017.

Additionally, Defendant filed a Motion to Dismiss the State's Petition for SBM and to Declare SBM Unconstitutional on 30 May 2017.

On 4 December 2017, the trial court entered an order rescinding the 2 September 2015 order which had held the matter in abeyance. The trial court ordered the parties to set a date for the SBM hearing. The hearing was calendared for 28 September 2018.

The matter ultimately came on for hearing on 18 December 2024.[2] At the hearing, Officer Caulder Gillian of the North Carolina Department of Adult Corrections testified that after Defendant was released from prison on 8 December 2014, he violated his post-release supervision five times before having his post-release supervision revoked on 25 August 2017. The State introduced into evidence a Static-99R form prepared by Officer Gillian, which determined Defendant was a "well above average risk" offender. Officer Gillian testified it was reasonable to impose SBM on Defendant based on her review of Defendant's file, the Static-99R form, and her training and experience. Defendant, for his part, argued SBM constituted an unreasonable search and would violate his Fourth Amendment and due process rights.

The trial court found Defendant had been convicted of an aggravated offense and, due to his "well above average" risk level, required the highest possible level of

---

[2] The Record is silent as to why the hearing was not held on 28 September 2018 and why the hearing was not held until six years later.

supervision and monitoring. Based on these Findings, the trial court concluded SBM was appropriate and ordered Defendant to enroll in SBM for his natural life.

Defendant timely filed written Notice of Appeal. Counsel for Defendant filed a no-merits brief with this Court on 1 December 2025.

## Issue

The dispositive issue on appeal is whether no-merits review is available on appeal from an order requiring SBM enrollment.

## Analysis

Counsel for Defendant filed a no-merits brief requesting this Court conduct its own review of the Record for possible prejudicial error. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) (providing guidelines for no-merits briefs when counsel believes appeal is "wholly frivolous"); *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). Defendant's counsel represented he was unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal.

Defendant's appeal arises from an Order requiring him to enroll in SBM. Our Courts have consistently held SBM proceedings are civil in nature. *See State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010) ("The SBM program at issue was enacted with the intent to create a civil, regulatory scheme to protect citizens of our state from the threat posed by the recidivist tendencies of convicted sex offenders."); *State v. Bare*, 197 N.C. App. 461, 467, 677 S.E.2d 518, 524 (2009) ("[W]e conclude the legislature intended SBM to be a civil and regulatory scheme."), *disc.*

*review denied*, 364 N.C. 436, 702 S.E.2d 492 (2010). Moreover, this Court has held *Anders* review is not available in appeals from SBM orders. *State v. Lineberger*, 221 N.C. App. 241, 243, 726 S.E.2d 205, 207 (2012).

Defendant, acknowledging this bar to review, asks this Court to "consider whether legal developments that have occurred since *Lineberger* was decided warrant reconsideration of the holding in *Lineberger*." However, it is well-established that "one panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case." *In re Civ. Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989) (citing *N.C.N.B. v. Va. Carolina Builders*, 307 N.C. 563, 299 S.E.2d 629 (1983)). Thus, to the extent Defendant asks us to "reconsider *Lineberger*[,]" we decline to do so. *See id.*

However, Defendant further contends, even if we decline to revisit *Lineberger*, we may still conduct an "*Anders*-like" review in this case. In support of this argument, Defendant cites *State v. Velasquez-Cardenas*, 259 N.C. App. 211, 815 S.E.2d 9 (2018). In *Velasquez-Cardenas*, the Court addressed a novel issue in this State: "[W]hether *Anders*-type review should be prohibited, allowed, or required in appeals from N.C. Gen. Stat. § 15A-270.1." 259 N.C. App. at 225, 815 S.E.2d at 18. The Court held "*Anders* procedures apply to appeals pursuant to N.C.G.S. § 15A-270.1." *Id.* Here, by contrast, the issue of whether *Anders*-like review is available in SBM cases has already been decided in *Lineberger*. *Anders* review is simply not available in the present case. *Lineberger*, 221 N.C. App. at 243, 726 S.E.2d at 207.

Finally, Defendant asks, if we decline to exercise *Anders* review, that we exercise our discretion under Rule 2 of the North Carolina Rules of Appellate Procedure to review the Record for possible error. This Court has, in at least one instance, chosen to exercise its discretion under Rule 2 to review an SBM order in an appeal where appellate counsel filed a no-merits brief. *See id.* However, "the exercise of Rule 2 was intended to be limited to occasions in which a fundamental purpose of the appellate rules is at stake, which will necessarily be rare occasions." *State v. Hart*, 361 N.C. 309, 316, 644 S.E.2d 201, 205 (2007) (citations and quotation marks omitted). Defendant has not raised circumstances which would justify invoking Rule 2. Accordingly, we, in our discretion, decline to invoke Rule 2.

Thus, Defendant's appeal arises out of a civil matter. Therefore, *Anders*-protections are not available to him. Consequently, because no other issue has been raised on appeal, we affirm the trial court's Order requiring Defendant to enroll in SBM for his natural life.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order.

AFFIRMED.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).

- 6 -